UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANCIS FULLER | : | CIVIL NO. 3:00CV812 (RNC)(DFM) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | AUGUST 2, 2004 |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, the defendants move for summary judgment to be entered in their favor as there exists no genuine issue of material fact between the parties and because the defendants are entitled to judgment as a matter of law.

In support of their motion, the defendants submit a memorandum of law and their 9(c)(1) Statement of Undisputed Material Facts, and the following exhibits:

1. Judgment Mittimus, dated June 4, 1997

2. Corrected Affidavit of Dr. Paul Benard, dated July 23, 2002

3. Affidavit of Dr. Edward Blanchette, with attachment, dated June 17, 2002

4. Affidavit of Lora Castronova, with attachment, dated June 23, 2002

5. Affidavit of Dr. Monica Farinella, with attachments, dated July 30, 2004

6. Affidavit of Eileen Higgins, dated July 23, 2002

7. Affidavit of Steven Hinchey, dated June 2, 2002

8. Affidavit of Bonnie Labreque, dated July 24, 2002

9. Affidavit of Dr. Jonathan Meiers, with attachments, dated July 29, 2004

    10. Affidavit of Kenneth Parker, dated May 30, 2002

    11. Affidavit of Dr. Albert Toro, dated July 28, 2004

    12. Department of Correction dental chart of Jancis Fuller

    13. Transcript, Fuller v. Warden, Docket No. 99-550748, dated December 9, 1999

    14. Partial transcript, Fuller v. Warden, Docket No. 99-550478, dated November 18, 1999; Testimony of Lieutenant Noel Sorenson

    15. Administrative Directive 9.6, Inmate Grievances

    16. Fredericks v. Manson, Civil No. H-78-490

    17. Lally v. Manson, Civil No. H-77-12

    18. Miele v. Warden, Docket No. CV00-0439997

    The defendants originally filed a Motion for Summary Judgment on or about June 3, 2002. That Motion was denied prior to the parties obtaining experts. Thereafter, the defendants retained Dr. Jonathan C. Meiers, DDS as their expert. Dr. Meiers conducted an examination of the plaintiff and issued a report. To the best of the defendants' knowledge, the plaintiff did not retain a dental expert even though the defendants agreed to allow a dental examination by plaintiff's expert to take place at York Correctional Institution.

    Many of the same arguments and facts and attachments set forth by the defendants' current Motion for Summary Judgment are the same as those set forth in their June 2002 Motion. Rater than simply refer to the original Motion and attachments, the defendants have incorporated same into the current Motion. While this is repetitive, counsel chose this route believing it would be more convenient and helpful to the Court and parties to have one intact, albeit large,

Motion and attachments rather than referring back and forth to 2 or 3[1] separate documents each with their respective attachments.

**WHEREFORE**, it is respectfully requested that defendants' Motion for Summary Judgment be granted.

```
                              DEFENDANTS
                              John Armstrong, et al.

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL


                        BY:_____/s/_____
                              Madeline A. Melchionne
                              Assistant Attorney General
                              110 Sherman Street
                              Hartford, CT  06105
                              Federal Bar #ct02029
                              E-Mail:  madeline.melchionne@po.state.ct.us
                              Tel: (860) 808-5450
                              Fax: (860) 808-5591
```

---

[1] The defendants filed a reply to plaintiff's Opposition to Defendants' Motion for Summary Judgment on July 29, 2002.

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 2nd day of August 2004:

Jancis Fuller #239781
York Correctional Institution
201 West Main Street
Niantic, CT 06357

_____/s/_____
Madeline A. Melchionne
Assistant Attorney General