UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANCIS FULLER                                CIVIL ACTION NUMBER: 3:00CV812(RNC)(DFM)
PLAINTIFF

    VS.

JOHN ARMSTRONG, ET AL.
DEFENDANTS                                   SEPTEMBER 20, 2004

PLAINTIFF'S RULE 56 STATEMENT OF MATERIAL FACTS IN DISPUTE

The plaintiff herein lists the material facts which are in dispute in the above-captioned matter, with reference to exhibits:

1. Plaintiff has been illegally confined in the custody of the Connecticut Department of Correction at 201 West Main Street, Niantic, Connecticut, since 6-30-95 (plaintiff's Exhibits: 1,2,3).

2. On 11-7-98, the plaintiff placed a request form on which she had written a request for a dental repair for one of her teeth, which had lost a cusp earlier that day, in the prison's health services mailbox by the prison's cafeteria. (plaintiff's Exhibit 4).

3. On 11-17-98, the plaintiff placed a grievance, dated 11-17-98, in which she renewed the request to the prison's dental services department for a prison dentist to repair her broken tooth, to which a copy of the 11-7-98 request for the dental repair was attached, in the health services mailbox by the prison's cafeteria (plaintiff's Exhibits: 5,4,7).

4. On 12-2-98, defendant Henchy responded to the grievance, dated 11-17-98, which had been received by the grievance coordinator on or about 11-18-98 and forwarded to him, by having plaintiff sent to the prison's dental services office, whereupon he examined her teeth (plaintiff's Exhibits: 5,4,7).

5. After said examination, defendant Henchy told the plaintiff that the only feasible restorative treatment for her broken tooth would be a dental crown. (plaintiff's Exhibit 7).

6. After said examination, defendant Henchy told the plaintiff that the Department of Correction did not provide dental crowns to prisoners who needed them and that she would not be allowed to visit a private dentist's office in the community to obtain one (Plaintiff's Exhibit 7).

7. After said examination, defendant Henchy applied a cement filling to the plaintiff's broken tooth (plaintiff's Exhibits: 6,7).

8. About seven hours after said examination, the cement filling fell out of the

1

plaintiff's broken tooth and she inadvertently swallowed it (plaintiff's Exhibits: 6,7).

9. After defendant Benard examined the plaintiff's teeth at the prison's dental services office on 3-26-99, he told plaintiff that the only feasible for her broken tooth would be a dental crown.

10. After said examination, Dr. Benard told plaintiff that the Department of Correction did not provide dental crowns to prisoners who needed them and that she would not be allowed to visit a private dentist's office in the community to obtain one (plaintiff's Exhibit 7)

11. After said examination, Dr. Benard offered to extract the broken maxillary molar from the plaintiff's mouth and she refused the offer (plaintiff's Exhibit 7).

12. In December, 1998, Richard Rocco called defendant Higgins's office at the prison and asked the warden via her secretary if the plaintiff could have permission to visit the office of a private dentist in New London County to obtain a dental crown (plaintiff's Exhibit 8).

13. About a week later, I called defendant Higgins's office again and was informed by defendant Higgin's secretary that Warden Higgins did not allow prisoners to visit the offices of dentists in private practice to obtain dental crowns (plaintiff's Exhibit 8).

14. Plaintiff has suffered pain her in jaw after talking for more than few minutes at a time, discomfort from abrasion caused to the left side of her tongue from rubbing against the jagged edge of her broken tooth, and choking incidents caused from being unable to chew certain types of food into pieces small enough to swallow, ever since one of her maxillary molar teeth lost a cusp on 11-7-98 (plaintiff's Exhibits: 7,12).

15. The defendants have never offered the plaintiff an opportunity to have a dental expert restore her broken maxillary molar with an amalagam filling (plaintiff's Exhibit 7).

THE PLAINTIFF

*Francis L. Fuller*
Francis L. Fuller, pro se
201 West Main Street
O-North, F-8
Niantic, CT 06357

CERTIFICATION

This is to certify that a copy of the foregoing statement was mailed/delivered this 21st day of September, 2004, to opposing counsel as follows:

Madeline Melchionne
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105

THE PLAINTIFF

*Jancis L. Fuller*

Jancis L. Fuller, pro se
201 West Main Street
0-North, F-8
Niantic, CT  06357