UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANCIS FULLER                                          CIVIL ACTION NUMBER: 3:00CV812(RNC)(DFM)
PLAINTIFF

    VS.

JOHN ARMSTRONG, ET AL.
DEFENDANTS                                             SEPTEMBER 20, 2004

PLAINTIFF'S OBJECTION TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Judicial, the plaintiff

Jancis L. Fuller objects to the defendants' second motion for summary judgment,

filed on 8-2-04, because there are genuine issues of material facts in dispute

between at parties and because the defendants are not entitled to judgment as a

matter of law.

In support of this objection, the plaintiff submits a memorandum of law,

dated 9-20-04, and the following documents as exhibits:

1. Docket Sheets, CR10-226195, 6-30-95 to 2-3-97 (certified copy, 4 pages)
2. Substitute Information, CR10-226195 by Kevin Kane, 1-31-97
3. Trial Transcript, CR10-226195, 2-26-97, pages 186-197
4. Request Form by Jancis Fuller, 11-7-98
5. Grievance by Jancis Fuller, 11-17-98
6. Request Form to Dental Assistant Hutchinson by Jancis Fuller, 12-2-98
7. Affidavit by Jancis Fuller, 9-14-04
8. Affidavit by Richard Rocco, 8-9-02
9. Connecticut Department of Correction Administrative Directive 8.4 (1999) page 2
10. Request Form to Dr. Sirosi by Jancis Fuller, 11-30-99
11. Affidavit by Tamyra Sellers, 9-13-04
12. Request Form to Medical Unit Staff by Jancis Fuller, 12-10-01
13. Affidavit by Sheila Aldrich, 6-25-04
14. Review and Report of Dr. Patterson Concerning Jancis Fuller, 11-18-03
15. Furlough Application by Jancis Fuller, 7-20-02
16. Inmate Summary of Grievance Procedure, from York C.I. handbook, 1-94

WHEREFORE, it is respectfully requested that the defendants' second motion for

summary judgment be denied.

THE PLAINTIFF

HEARING REQUESTED
TESTIMONY REQUIRED

_Jancis L. Fuller_

Jancis L. Fuller, pro se

CERTIFICATION

This is to certify that a copy of the foregoing objection was mailed/delivered this ___21 st___ day of September, 2004, to opposing counsel, as follows:

Madeline Melchionne
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105

THE PLAINTIFF

Francis L. Fuller, pro se
201 West Main Street
0-North, F-8
Niantic, CT  06357

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANCIS FULLER                           CIVIL ACTION NUMBER: 3:00CV812(RNC)(DFM)
PLAINTIFF

        VS.

JOHN ARMSTRONG, ET AL.
DEFENDANTS                              SEPTEMBER 14, 2004

                            AFFIDAVIT

STATE OF CONNECTICUT)
                    ) SS: NIANTIC    SEPTEMBER 14, 2004
COUNTY OF NEW LONDON)

    I, Jancis L. Fuller, being duly sworn, hereby depose and state:

1. I am the plaintiff in the above-entitled case. I make this declaration in opposition to the defendants' second motion for summary judgment, filed in the trial court on 8-2-04.

2. The defendants claim in the motion for summary judgment that there exists no genuine issue of material fact in dispute between the parties. In reality, there are many genuine issues of material facts in dispute.

3. The defendants claim that I am legally imprisoned under docket number CR10-226195, at 201 West Main Street, Niantic, Connecticut. In fact, I am illegally imprisoned under docket number CR10-226195 at 201 West Main Street, Niantic, Connecticut.

4. The defendants claim that defendant Henchy did not personally examine me at the prison dental services office on 12-2-98 or at any other time. In fact, defendant Henchy did examine me at the prison dental services office on 12-2-98 and he denied me adequate dental care for my broken tooth that day.

5. The defendants claim that defendant Benard offered to apply an amalgam filling to my broken tooth to restore it after examining my teeth at the prison dental services office on 3-26-99. In fact, defendant Benard did not even tell me that an amalgam filling could be used to restore the broken tooth that day.

6. The defendants claim that I made a demand to defendant Benard on 3-26-99 to be allowed to visit the office of a dentist in private practice in the community to obtain a dental crown for my broken tooth. In fact, I asked defendant Benard if he or another prison dentist could apply a dental crown to the broken tooth, and asked, but did not demand to be allowed to visit the office of a dentist in private practice in the New London area only after defendant Benard informed me that the broken tooth could only be restored with a dental crown, but that the Department

of Correction did not provide dental crowns to prisoners who needed them.

7.   The defendants claim that defendant Benard offered me adequate dental care for my broken tooth on 3-26-99 by offering to apply an amalgam filling to restore it and that I refused the offer.  In fact, defendant Benard did not offer to give the broken tooth any restorative care, but instead offered to extract the restorable tooth at that time.

8.   The broken maxillary molar which the defendants have left in an untreated condition since becoming aware of its need for restorative treatment on 12-2-98, has caused me suffer periodic pain in my jaw, discomfort in my mouth when speaking or chewing and swallowing food, and incidents in which I choked on poorly chewed food, since the day the tooth lost a cusp, 11-7-98.

_Jancis L. Fuller_
Jancis L. Fuller, pro se
201 West Main Street
0-North, F-8
Niantic, CT  06357

Subscribed and sworn to before me this 15th day of September, 2004.

_Judith L. Desrosier_
Notary Public
My commission expires on: 2/28/07