UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 DEC -3  A 10: 16

U.S. DISTRICT COURT
HARTFORD, CT.

JANCIS FULLER,

  Plaintiff,

V.

JOHN ARMSTRONG, ET AL.

  Defendants.

CASE NO. 3:00CV00812 (RNC)

<u>RULING AND ORDER</u>

  Plaintiff, an inmate in the custody of the Connecticut Department of Correction ("DOC"), filed this action in May 2000. Her pro se complaint alleged that the defendants were being deliberately indifferent to her need for a dental crown to restore a broken tooth. The relief sought was an injunction requiring DOC to give her a furlough to visit a private dentist so she could obtain a crown, plus money damages. Compl., Request for Relief, at 7 (Doc. # 1).

  Defendants have moved for summary judgment for a second time. (Doc. # 82). In support of the motion, they submit a report of an expert witness stating that the tooth can be restored by means of a filling. In response to the motion, plaintiff has submitted a report of her own dentist stating that he agrees with this conclusion.

  In light of these reports, plaintiff no longer claims that the tooth can be restored only by means of a crown. She still maintains, however, that the defendants have violated the Eighth

Amendment. Her new claim is that they were required to give her a furlough so she could receive a filling. Pl.'s Mem. of Law in Supp. of Obj. to Defs.' Second Mot. for Summ. J. ("Pl.'s Mem."), at 7-8. Plaintiff offers no evidence that would permit a jury to find for her on this claim. Accordingly, the motion for summary judgment is granted.

FACTS

Viewing the record in a manner most favorable to the plaintiff, the relevant facts are as follows. On November 7, 1998, plaintiff broke a cusp on a molar and requested treatment. SMFD ¶ 2.[1] The broken tooth caused discomfort. On December 2, 1998, the tooth was examined by defendant Hinchey, a dentist employed by DOC. Pl.'s Aff. ¶ 4. On that date, he told the plaintiff that the only feasible restorative treatment would be a crown. Id. ¶ 6; SMFD ¶¶ 4-5. He also told her that DOC did not provide inmates with crowns. Pl.'s Aff. ¶ 6; SMFD ¶ 6. It was and remains DOC policy that inmates will not be given crowns for rear molars. Plaintiff wanted to be able to go to her own dentist but Hinchey said she would not be allowed to do so. SMFD ¶ 6. He then applied a cement filling to the tooth, but the filling soon fell out. Id. ¶ 8.

In December 1998, a friend of plaintiff's called defendant

---

[1] A "cusp" is one of the pointed parts of the tooth. Ex. 2 to Defs.' Mem. of Law in Supp. of Defs.' Mot. for Summ. J., Corrected Aff. of Dr. Paul Benard ¶ 11.

Higgins to request permission for plaintiff to visit the office of a private dentist to obtain a dental crown. The request for a furlough was denied. Id. ¶¶ 12-13.

On March 26, 1999, plaintiff was examined by defendant Benard, also a DOC dentist. He told her that the only feasible treatment for her broken tooth would be a crown, that DOC did not provide crowns, and that she would not be allowed to go to her dentist's office to get one. Id. ¶¶ 9-10. He offered no restorative care, but did offer to extract the tooth, an offer plaintiff refused. Pl.'s Aff. ¶ 7; SMFD ¶ 11.[2]

On August 12, 1999, plaintiff refused any dental treatment by DOC personnel, explaining as she had before that she wanted a crown put in by her own dentist. Ex. 12 to Defs.' Mem. of Law in Supp. of Defs.' Mot. for Summ. J. ("Defs.' Mem."), Department of Correction Dental Record of Jancis Louise Fuller, at 2.

In May 2000, plaintiff brought this suit claiming that the

---

[2] Benard disputes this account, averring that he advised plaintiff that he "could place a restoration - a filling - to cover the affected area of the tooth. I felt that this was the most appropriate form of treatment. Ms. Fuller stated that she wanted a crown and she wanted the crown done by an outside dentist." Ex. 2 to Defs.' Mem. of Law in Supp. of Defs.' Mot. for Summ. J., Corrected Aff. of Dr. Paul Benard ¶¶ 14-15. This is supported by plaintiff's dental record at DOC, which includes a March 26, 1999 entry stating that Benard offered to "place [plaintiff] on the restorative list. . . I advised she could refuse restoration but she should consider new restoration." Ex. 12 to Defs.' Mem. of Law in Supp. of Defs.' Mot. for Summ. J., Dental Record of Jancis Louise Fuller, at 2. Plaintiff denies that Benard offered to do an amalgam filling. Pl.'s Aff. ¶ 5.

3

defendants were violating the Eighth Amendment by ignoring her serious need for a dental crown.[3] After the suit was filed, DOC continued to refuse plaintiff's request for a crown or a furlough to enable her to get a crown, and she continued to decline any treatment by dentists employed by DOC. Id. at 2-3.

On April 3, 2002, plaintiff refused to be examined by DOC dental personnel. DOC asked her to sign a "Release from Responsibility for Refusal of Health Services" and she did so. Id. at 3.

On May 1, 2003, Dr. Jonathan Meiers, a licensed dentist serving as defendants' expert witness, examined plaintiff's tooth and concluded that the tooth could be restored by either a composite material filling (tooth-colored plastic) or an amalgam filling (traditional silver). Ex. 9 to Defs.' Mem., Aff. of Dr. Jonathan C. Meiers ("Meiers Aff.") ¶ 9. He did "both tactile and air tests to elicit the degree of sensitivity associated with the exposed dentin and neither stimulus provoked a painful response from the patient." Ex. 9-2 to Defs.' Mem., Report of Dr. Jonathan C. Meiers Concerning Jancis Fuller, at 1. He noted that plaintiff had "kept the fractured area clean through routine hygiene practices," which had prevented "any decay from developing during the time from the initial fracture till my

---

[3]Plaintiff commenced this action after she withdrew a state court action in which she unsuccessfully challenged DOC's policy of refusing to provide inmates with dental crowns.

exam." Thus, "[d]espite the loss of the disto-lingual cusp, the remaining tooth structure appeared to be in good shape with no indication of further breakdown from the initial cusp fracture." Id. Dr. Meiers concluded that he did not consider the condition of the tooth to "present a serious medical issue." Meiers Aff. ¶ 13.

Dr. Meiers' report has been reviewed by plaintiff's dental expert, Dr. Bruce H. Patterson, who has prepared a report as well. The report states, "After reviewing the photographs, radiographs and examination report of Dr. Jonathan C. Meiers, I would agree with his conclusion." Review and Report of Dr. Bruce H. Patterson Concerning Jancis Fuller, Ex. to Pls.'s Mem.

DISCUSSION

Prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A medical need is "serious" if it presents "a condition of urgency that may result in degeneration or extreme pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotations omitted).

The gravamen of this suit, instituted over four years ago, has always been that the defendants had violated, and were violating, the plaintiff's rights under the Eighth Amendment by refusing to give her a furlough to obtain a dental crown from the dentist of her choice. See, e.g., Compl., Request for Relief, at

7. Plaintiff's submission in opposition to the motion for summary judgment plainly shows that that is no longer the theory of her case. Plaintiff no longer contends that she had -- or has -- a right to a furlough to obtain a crown. She contends, rather, that she had -- and has -- a right to a furlough to obtain a bonded amalgam filling.

This new claim does not raise a genuine issue of material fact for trial. Plaintiff provides no evidence that defendants exhibited deliberate indifference to her serious need for a filling. In fact, she affirmatively alleges that she was given a filling within a few weeks of her request for treatment. Since then, she has repeatedly turned down offers of dental care by DOC. There is no evidence that if DOC personnel had been allowed to treat her tooth, they would have failed to give her a proper filling.

Plaintiff contends that she should be able to recover for DOC's failure to treat the tooth, notwithstanding her insistence on receiving a crown from her own dentist and her refusal of any form of treatment by DOC personnel, because both Hinchey and Benard told her that only a crown would do then allowed the tooth to go untreated. This argument is unavailing for at least two reasons. First, Dr. Meiers' report states that the tooth does not present a serious medical issue. Ex. 9 and 9-2 to Defs.' Mem. There is no expert evidence to the contrary. On this

record, no reasonable jury could find that the tooth presented a serious need as defined in the case law.  Second, to the extent the claim is based on the plaintiff's receipt of erroneous advice, it is based on mere negligence, which is not sufficiently culpable to violate the Eighth Amendment.

CONCLUSION

Accordingly, defendants' motion for summary judgment is hereby granted (Doc. # 82).  The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 2nd day of December 2004.

                                    Robert N. Chatigny
                                United States District Judge