*CT (New Haven)*
*00-cv-812*
*Chatigny, DJ.*

# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of November, two thousand and six.

Present:    ROGER J. MINER,
            ROSEMARY S. POOLER,
            ROBERT A. KATZMANN,
                        Circuit Judges.



UNITED STATES COURT OF APPEALS
FILED
NOV 13 2006
Thomas Asreen, Acting Clerk
SECOND CIRCUIT

_____

JANCIS L. FULLER,

                        Plaintiff-Appellant,


                -v-                                         04-6720-pr


JOHN J. ARMSTRONG, EILEEN P. HIGGINS, WARDEN, STEVEN HENCHY, DENTIST, PAUL BERNARD, DENTIST,

                        Defendants-Appellees.
_____

For Plaintiff-Appellant:        Jancis L. Fuller, pro se

For Defendants-Appellants:      Madeline A. Melchionne, Assistant Attorney General, for
                                Richard Blumenthal, Attorney General


        Appeal from the United States District Court for the District of Connecticut (Chatigny, J.).

Issued as Mandate:
DEC 1 8 2006

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Jancis L. Fuller ("Fuller") appeals from a December 2, 2004, decision of the United States District Court for the District of Connecticut (Chatigny, J.), granting defendants-appellees' motion for summary judgment. See Fuller v. Armstrong, No. 00-cv-0812, 2004 WL 2808700 (D. Conn. Dec. 2, 2004). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's grant of summary judgment de novo. See Steel Partners II, L.P. v. Bell Indus., Inc., 315 F.3d 120, 123 (2d Cir. 2002). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the non-moving party, the record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Id. In addition, we construe the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest. McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). To state a claim under 42 U.S.C. § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, Fuller must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

We conclude that no issue of material fact has been raised with respect to Fuller's claim that defendants acted with deliberate indifference to her need for dental care. Fuller acknowledges that she received care within weeks of her initial request for treatment. Fuller subsequently refused dental care on at least two occasions. The district court therefore properly concluded that defendants did not act with deliberate indifference to her serious medical needs.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Thomas W. Asreen, Acting Clerk

By: *Richard Alcantara*

Richard Alcantara, Deputy Clerk

A TRUE COPY
Thomas Asreen, Acting Clerk

by *Ghislaine Phillips*
Deputy Clerk

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS
OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS
OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A
RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL
OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 13th day of November, two thousand and six.

Present:     ROGER J. MINER,
             ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
                      Circuit Judges.

UNITED STATES COURT OF APPEALS
FILED
NOV 13 2006
Thomas Asreen, Acting Clerk
SECOND CIRCUIT

_____

JANCIS L. FULLER,

                              Plaintiff-Appellant,


                    -v-                                    04-6720-pr


JOHN J. ARMSTRONG, EILEEN P. HIGGINS, WARDEN, STEVEN HENCHY, DENTIST,
PAUL BERNARD, DENTIST,

                              Defendants-Appellees.

THE MANDATE, CONSISTING OF
ITEMS BELOW, HAS BEEN RECEIVED
( ) OPINION ( ) STATEMENT OF COSTS
( ) ORDER

RECEIVED BY:_____DATE_____

_____

For Plaintiff-Appellant:        Jancis L. Fuller, pro se

For Defendants-Appellants:      Madeline A. Melchionne, Assistant Attorney General, for
                                Richard Blumenthal, Attorney General


     Appeal from the United States District Court for the District of Connecticut (Chatigny,
J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Jancis L. Fuller ("Fuller") appeals from a December 2, 2004, decision of the United States District Court for the District of Connecticut (Chatigny, J.), granting defendants-appellees' motion for summary judgment. See Fuller v. Armstrong, No. 00-cv-0812, 2004 WL 2808700 (D. Conn. Dec. 2, 2004). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's grant of summary judgment de novo. See Steel Partners II, L.P. v. Bell Indus., Inc., 315 F.3d 120, 123 (2d Cir. 2002). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the non-moving party, the record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Id. In addition, we construe the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest. McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). To state a claim under 42 U.S.C. § 1983 for deprivation of medical treatment in violation of the Eighth Amendment, Fuller must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

We conclude that no issue of material fact has been raised with respect to Fuller's claim that defendants acted with deliberate indifference to her need for dental care. Fuller acknowledges that she received care within weeks of her initial request for treatment. Fuller subsequently refused dental care on at least two occasions. The district court therefore properly concluded that defendants did not act with deliberate indifference to her serious medical needs.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Thomas W. Asreen, Acting Clerk

By: _Richard Alcantara_

Richard Alcantara, Deputy Clerk